UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MH PILLARS LTD, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CAROL REALINI, et al.,<br><br>    Defendants. | Case No. 15-cv-1383-PJH<br><br>**ORDER GRANTING MOTION TO INTERVENE AND MOTION TO STAY** |

Before the court is the motion of the United States of America ("the Government") for an order permitting it to intervene in the above-entitled action, and motion for an order staying the case. Having read the parties' papers and carefully considered their arguments that the relevant legal authority, the court hereby GRANTS the motions as follows.

    1.    Motion to Intervene

The Government seeks an order allowing intervention as of right, and also allowing permissive intervention. Courts must permit intervention as of right on timely motion for anyone who "(1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). In deciding whether intervention as of right is appropriate, the Ninth Circuit is "guided primarily by practical and equitable considerations" and "generally interpret [s] the requirements broadly in

1  favor of intervention." Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998).

2      The court finds that the Government meets the requirements for intervention as of right. See Fed. R. Civ. P. 24(a). First, the application is timely, as it was filed less than three months after the complaint was filed. Second, the Government has established that it claims "an interest relating to the property or transaction that is the subject of the underlying action" – the same $4.1 million to which the plaintiffs claim they are entitled. Third, the Government has established that "disposing of the action may as a practical matter impair or impede [its] ability to protect that interest" – specifically, that the Government is in the midst of an ongoing criminal investigation which would be compromised if discovery were allowed to proceed in this civil action. Fourth, because the only party with the authority to prosecute criminal actions is the Government, it has established that its interest is not (and cannot be) adequately protected by the existing parties to the action.

    Under Rule 24(b), courts may permit intervention on timely motion to anyone who has a conditional right to intervene under a federal statute, or "has a claim or defense that shares with the main action a common question of law or fact;" but the intervention must not unduly "delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). "In ruling on a motion to intervene, a district court is required to accept as true the non-conclusory allegations made in support of [the] intervention motion." Koike v. Starbucks Corp., 602 F.Supp. 2d 1158, 1160 (N.D. Cal. 2009) (quotations omitted).

    The court finds that the Government has also established that permissive intervention is appropriate. Again, the application is timely, as it was filed early in the case. In addition, there is a common question, involving the operation of the businesses overseen by the parties; and there is also an independent ground for jurisdiction, as the Government is not raising new state law claims or attempting to destroy complete diversity. Finally, while a stay will delay the resolution of the case, the stay (as indicated below) will not be lengthy, and thus any delay will be minimal and will not prejudice the adjudication of the original parties' rights.

2. Motion to Stay

The Government seeks an order staying this case for six months. A court has discretion to stay a civil action if it determines that "the interests of justice seem to require such action." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995). In determining whether to issue a stay, the court considers (1) the extent to which the criminal defendants' Fifth Amendment rights are implicated; (2) the interests of the plaintiffs in the civil action in proceeding expeditiously, (3) the burden the proceedings may impose on the defendants in the civil action, (4) the convenience of the court and the efficient use of judicial resources, (5) the interests of persons not parties to the civil action, and (6) the interest of the public in the pending civil and criminal action. Id. at 324-25; see also SEC Global Expr. Capital Real Est. Inv. Fund I, L.L.C., 289 F. Appx. 183, 191 (9th Cir. 2008).

The court finds, first, that proceeding with the present action would likely force one or more parties into the position of having to choose between waiving their Fifth Amendment rights or invoking the privilege (but with knowledge that adverse inferences could be drawn in the civil action). Moreover, as no criminal action has yet been filed, it would be unreasonable to require the Government to show that one or more of the litigants has already asserted their Fifth Amendment rights. Second, while the plaintiffs have an interest in proceeding expeditiously, the Government is requesting a stay of only six months, and little has occurred in the case during the less than four months it has been pending. Third, defendants appear to agree with the Government that staying the case would likely not prejudice them. Fourth, while the criminal case will not necessarily dispose of this action, allowing it to proceed is likely to narrow the issues and streamline discovery in the civil action, and thus imposing a brief stay will conserve judicial resources. Fifth, the Government, though not a party to the original action, has an interest in the stay because discovery in the civil action could affect its ability to pursue a parallel criminal investigation or could compromise existing confidential informants. Sixth, the public has an interest in ensuring that the criminal process is not subverted by

3

1  ongoing civil cases.

2      The court will, however, impose a stay of only six months, to January 22, 2016. If
3  no criminal charges by that date or if the investigation is incomplete, the stay will be lifted
4  and the parties will be required to negotiate a protective order, as it would be unfair to the
5  parties to allow the case to sit indefinitely.

6      The date for the hearing on the motion, previously set for July 29, 2015, is
7  VACATED.

8

9  **IT IS SO ORDERED.**

10  Dated: July 20, 2015

11  _____
12  PHYLLIS J. HAMILTON
    United States District Judge