UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MH PILLARS LTD, et al.,

    Plaintiffs,

    v.

CAROL REALINI, et al.,

    Defendants.

Case No. 15-cv-1383-PJH

**ORDER DENYING ANTI-SLAPP MOTION TO STRIKE**

    Defendants Carole Realini ("Realini"), Rodney Robinson ("Robinson"), Christopher Martin ("Martin"), Obopay, Inc. ("Obopay"), and Accelerated Commerce Solutions ("ACS") filed the present motion seeking an order striking certain claims in the first amended complaint ("FAC") in this action pursuant to California's Anti-SLAPP statute, California Code of Civil Procedure § 425.16, to the extent those claims are based on defendants' act of reporting the alleged unlawful or suspicious activity of plaintiffs MH Pillars Inc. ("MHP-USA") and MH Pillars Ltd. ("MHP-UK") to the United States Department of Homeland Security ("DHS").

    The factual and procedural background are as set forth in the September 14, 2017, order re defendants' motions to dismiss the FAC for failure to state a claim. See Doc. 109. Briefly, on March 30, 2017, after the court had dismissed the original complaint with leave to amend, plaintiffs filed the FAC. In the FAC, plaintiffs asserted four causes of action – breach of contract, quasi-contract, breach of fiduciary duty and constructive fraud, and fraud and deceit. The breach of contract, breach of fiduciary duty, and fraud claims were all pled with multiple "counts."

On April 25 and 26, 2017, defendants filed motions to dismiss the FAC (Docs. 81, 83), which were noticed for hearing on June 14, 2017. Also on April 26, 2017, defendants filed the present Anti-SLAPP motion to strike (Doc. 82). However, the parties subsequently stipulated to extend the briefing schedule on the Anti-SLAPP motion, with the result that the motions to dismiss were fully briefed and heard by the court (though not decided) before plaintiffs filed their opposition to the Anti-SLAPP motion.

In the September 14, 2017, order, the court dismissed all claims asserted against ACS, and dismissed most of the claims against the other defendants. The only claims remaining in the case are the claim of breach of the Option Agreement against Realini and Obopay, and the associated claim of breach of the implied covenant; and the first and second "counts" of the claim of fraud and deceit asserted against Realini, Martin, Robinson, and Obopay.

**DISCUSSION**

A. Legal Standard

California's anti-SLAPP statute permits defendants to bring a "special motion to strike" if a cause of action against them arises "from any act . . . in furtherance of the . . . right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue," unless "the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Code Civ. Proc. § 425.16(b)(1).

The purpose of the anti-SLAPP statute is to deter lawsuits "brought primarily to chill the valid exercise of the constitutional rights of freedom of speech." Cal. Civ. Proc. Code § 425.16(a); see also Jordan-Benel v. Universal City Studios, Inc., 859 F.3d 1184, 1188 (9th Cir. 2017); Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 839 (9th Cir. 2001). California's anti-SLAPP protections apply to state law claims brought in federal court. U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 971-73 (9th Cir. 1999); see also GLADD v. CNN, 742 F.3d 414, 422 (9th Cir. 2014).

To prevail on a motion under § 425.16, the moving defendant must make a prima

1 facie showing that plaintiff's suit arises from an act in furtherance of defendant's
2 constitutional right to free speech or petition. Jordan-Benel, 859 F.3d at 1188. An "act in
3 furtherance" includes, among other things, "conduct in furtherance of the exercise of the
4 constitutional right of petition or the constitutional right of free speech in connection with a
5 public issue or an issue of public interest." Cal. Code Civ. Proc. § 425.16(e)(4).

If the defendant makes the required showing, the burden then shifts to plaintiff to establish a reasonable probability it will prevail on its claim in order for the claim to survive dismissal. Hyan v. Hummer, 825 F.3d 1043, 1045 n. 1 (9th Cir. 2016); see also Doe v. Gangland Prods., Inc., 730 F.3d 946, 953 (9th Cir. 2013). If the plaintiff cannot meet the minimal burden of "stat[ing] and substantiat[ing] a legally sufficient claim," the claim is stricken pursuant to the statute. Jordan-Benel, 859 F.3d at 1188-89. A prevailing defendant "shall be entitled to recover his or her attorney's fees and costs." Id. § 425.16(c).

B. Defendants' Motion

The claims that defendants seek to have stricken in the present motion are the claims for breach of fiduciary duty and fraud, and the claim against ACS for breach of contract, which they contend are based almost entirely on allegations that defendants reported suspicious activity to DHS. However, in light of the ruling in the September 14, 2017, order, the court does not address any claims against ACS (which has been dismissed from the case) and also does not address the claims alleging breach of fiduciary duty/constructive fraud, or the third "count" of the fraud claim, alleged against Robinson and ACS.

Defendants argue that both prongs of the anti-SLAPP statute are satisfied on the face of the FAC. With regard to the first prong, they assert that the following allegations in the FAC show that the fraud claims arise from an act in furtherance of defendant's constitutional right to free speech or petition, as set forth in § 425.166(3)(1), (4).

● "In early 2013, plaintiffs allege, Robinson, Martin, and Realini decided to doublecross plaintiffs as a means of exiting the 2013 Transaction without repaying the

3

1  benefits they had obtained from it." FAC ¶ 49. "Specifically, they caused Obopay [to]
2  make allegations to the Department of Homeland Security ('DHS') that plaintiffs were
3  involved in unlawful activity. They failed to disclose to DHS that Obopay had
4  contracted to provide legal compliance services and expertise." FAC ¶ 49(a).

5  ● "Defendants failed to disclose that they had already initiated hostile action
6  against plaintiffs, including the DHS allegations and private investigation, with the intent
7  of reneging on the 2013 Transaction." FAC ¶ 114.

8  Defendants contend that because the above allegations relate to communications
9  made to law enforcement (DHS), the claims should be stricken. See Comstock v. Aber,
10 212 Cal. App.4th 931, 941 (2012) (citing Walter v. Kiousis, 93 Cal. App. 4th 1432, 1439
11 (2001)); see also ComputerXpress, Inc. v. Jackson, 93 Cal. App. 4th 993, 1009 (2001).
12 They argue that the gravamen of this claim is that defendants "initiated hostile action" by
13 reporting plaintiffs' unlawful conduct to DHS and not telling plaintiffs that they had done
14 so, which defendants claim is "simply the other side of the same coin." Defendants argue
15 that to the extent that plaintiffs fraud claim is also based on additional, non-protected
16 activities, that does not defeat the anti-SLAPP Motion.

17 Defendants also assert that the statements come within the protection of
18 California's litigation privilege, codified at Civil Code § 47(b), which "bars liability in tort for
19 the making of certain statements." Hagberg v. Cal. Fed. Bank FSB, 32 Cal. 4th 350, 360
20 (2004). Defendants contend that the litigation privilege is in fact co-extensive with the
21 speech protected under the anti-SLAPP statute. See Healy v. Tuscany Hills Landscape
22 & Rec. Corp., 137 Cal. App. 4th 1, 5 (2006). They argue that in the present action,
23 plaintiffs allege, in essence, that defendants should not have reported plaintiffs' illegal or
24 suspicious activities to DHS.

25 With regard to the second prong, defendants contend that plaintiffs cannot
26 demonstrate a probability of prevailing on the merits, for at least two reasons. First, they
27 assert, plaintiffs' claims are barred by the litigation privilege under Civil Code § 47,
28 because reports of suspected criminal activity to the police are absolutely privileged even

4

1    if they turn out to be false. See id. at 364.

2    Second, defendants argue, plaintiffs' claims fail as a matter of law. Here, defendants simply refer to "all of the additional reasons provided in [d]efendants' concurrently filed motions to dismiss." At the time they filed the present motion, they anticipated that the claims challenged in the motion to dismiss were likely to be dismissed, and argued that there was thus no reason for the court to spend time on determining whether plaintiffs' factual allegations were otherwise sufficient to state a claim.

In opposition, plaintiffs do not dispute that the act of reporting to law enforcement is protected activity under the Anti-SLAPP statute, but they do contend that § 425.16 does not apply here because the claims alleged in the FAC do not "arise" out of protected activity. They argue that claims arise from protected activity only if the speech or petitioning activity itself is the wrong being complained of in the complaint, for which liability is sought. In support, they cite Park v. Bd. of Trs. of Cal. State Univ., 2 Cal. 5th 1057, 1060 (2017); and Jordan-Benel v. Universal City Studios, Inc., 859 F.3d 1184, 1190-93 (2017).

Here, plaintiffs assert, the referenced "protected activity" – the defendants' communications with law enforcement – is not subject to the anti-SLAPP statute because it is "just evidence and context for liability." They acknowledge that the FAC refers to the communications with law enforcement in the allegations in support of the fraud claims, but they argue that the wrongful act alleged in each of those claims is that defendants "induced plaintiffs to send them money under false pretenses." Thus, they assert, the protected activity – the communication with law enforcement – is simply evidence of the alleged "false pretense," in that (in their view) the act of reporting plaintiffs to law enforcement was so inconsistent with the stated purposes of the 2013 Transaction and ongoing business relationship that it is "readily inferred" that Realini would not have done so unless she intended to rescind the 2013 Transaction.

In their second main argument, plaintiffs contend that their claims have merit

5

within the meaning of the anti-SLAPP statute, and that only claims that arise from protected activity and lack minimal merit – i.e., only claims that satisfy both prongs of the anti-SLAPP test – are subject to being stricken under § 425.16. Plaintiffs assert that the FAC adequately alleges fraud against Realini, Robinson, and Martin.

The motion is DENIED. The initial burden in an Anti-SLAPP motion is on defendants to show that plaintiffs' claims "arise from" protected activity. As indicated above, while the FAC alleges four causes of action (some with multiple "counts") against defendants, the claims remaining in the case following the ruling on the motions to dismiss are the claim of breach of the Option Agreement against Realini and Obopay, and the claim of breach of the implied covenant in connection with that Agreement; and the first and second "counts" of the claim of fraud and deceit asserted against the Realini, Martin, Robinson, and Obopay.

Defendants do not appear to be seeking an order striking the claim of breach of the Option Agreement, and the associated claim of breach of the implied covenant. Thus, the court looks only at the first and second "counts" of the fraud claim, both of which are asserted by MHP-USA only. In the first "count," MHP-USA alleges fraudulent inducement against Martin and Obopay, in connection with March 2012 Agent Agreement. In the second "count," MHP-USA alleges fraudulent inducement against Realini, Robinson, and Martin, in connection with the March 2013 transfer of $4 million in customer funds.

The only references to protected statements that do not apply to dismissed claims are the allegations in FAC ¶ 49, 49(a) ("Facts" section) and in FAC ¶ 114 (claim of fraud against Realini, Robertson, and Martin). Both have to do with defendants' alleged intent to renege on the 2013 Transaction. None have to do with the circumstances surrounding the formation of the 2012 Agent Agreement (first "count" of the fraud claim). Thus, that leaves only the second "count" of the fraud claim, which defendants contend is based, at least in part, on defendants' alleged "fail[ure] to disclose that they had already initiated hostile action against plaintiffs, including the DHS allegations . . . ." FAC ¶ 114.

In the second "count" of the fraud claim, plaintiffs allege that

> [o]n March 28, 2013, at the Obopay/Payza Compliance Committee Meeting, Realini, Robinson, and Martin fraudulently induced plaintiffs to transfer $4.1 million to their control at Obopay. They did so by representing to Firoz and Ferhan Patel, among others, that they had made the determination that [the] existing Obopay agency program was non-compliant; that Obopay needed custody and control of an amount equal to U.S. client fund[s] in Obopay/Payza customer accounts for MTL-compliance purposes; but that this issue could be resolved through MHP-USA's transfer of the fund[s] and provision of daily customer balance reports to Obopay. These representations were intentionally false because the defendants did not really intend to resolve any compliance issues.

FAC ¶¶ 112-114. Plaintiffs allege further that "[d]efendants failed to disclose that they had already initiated hostile action against plaintiffs, including the DHS allegations and private investigation, with the intent of reneging on the 2013 Transaction." FAC ¶ 114. However, that last allegation does not support the gravamen of the fraud claim, which is that defendants fraudulently induced plaintiffs to transfer $4.1 million to Obopay.

The gravamen of an action is "the allegedly wrongful and injury-producing conduct that provides the foundation for the claims." JordanBenel, 859 F.3d at 1190. The elements of a claim of fraud are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage. Lazar v. Sup. Court, 12 Cal. 4th 631, 638 (1996). Fraud in the inducement is a subset of fraud, occurring when "the promisor knows what he is signing but his consent is induced by fraud, mutual assent is present and a contract is formed, which by reason of the fraud, is voidable." Hinesley v. Oakshade Town Ctr., 135 Cal. App. 4th 289, 294-95 (2005) (citations omitted).

The fraud claim against Realini, Robinson, and Martin (second "count") does not arise from protected activity, but rather is an affirmative fraud claim based on defendants' alleged misrepresentations on March 28, 2013, that the $4 million transfer would solve certain compliance issues, which misrepresentations allegedly induced plaintiffs to transfer $4 million to Obopay on April 10, 2013. The allegation that defendants had

7

"failed to disclose" that they had already initiated hostile action against plaintiffs – including reporting them to the DHS – is mere surplusage which is not an essential element of the claim of fraud.

Here, the court found in the September 14, 2017, order that plaintiffs could proceed with the second "count" in the claim of fraud, alleged against Realini, Robinson, Martin, and Obopay in connection with the $4 million transfer to Obopay. While the claim may not be able to survive summary judgment, the court found it inappropriate for decision on a Rule 12(b)(6) motion.

In addition, while it is true, as the court found in the September 14, 2017, order, that any claim based on reporting to law enforcement would be barred by the litigation privilege, the court finds that the fraud claims are not based on reporting to law enforcement, for the same reason that the allegations regarding reporting to DHS do not themselves support the fraud claim. At most, one could say that those allegations are irrelevant to the surviving claims in this case.

At this point, for the reasons discussed in the June 30, 2017, order, it is not possible to determine whether there is a reasonable probability that plaintiffs will prevail on the fraud claim. As the order indicates, plaintiffs have survived defendants' motion to dismiss for failure to state a claim, but the existence of factual issues precludes a determination that plaintiffs are likely to prevail.

## CONCLUSION

In accordance with the foregoing, defendants' Anti-SLAPP motion is DENIED.

**IT IS SO ORDERED.**

Dated: September 28, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge